## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| ANTONIO ABRON | : | DOCKET NO. 2:05-cv-990 Section P |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| J. P. YOUNG, ET AL. | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Antonio Abron, pursuant to 28 U.S.C. §2241. By this petition, the petitioner seeks to challenge his sentence. This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

### FACTS

Petitioner states that on May 30, 1995, following a jury trial, he was found guilty of Conspiracy to Possess with the Intent to Distribute Cocaine Base in violation of 21 U.S.C. § 846 and Possession with Intent to Distribute Cocaine Based in violation of 21 U.S.C. § 841(a)(1). For these offenses, the petitioner was sentenced to a 210 month term of imprisonment to be followed by 5 years supervised release. Petitioner contends that in determining his offense level and subsequent guideline range, the sentencing court relied on facts which were not charged in the indictment, presented to a jury, admitted by him, or proven beyond a reasonable doubt. Relying on the recent Supreme Court cases of *United States v. Booker,* — U.S. —, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, — U.S. —, 124 S.Ct. 2531 (2004), the petitioner claims that his sentence was

unlawfully enhanced under the federal Sentencing Guidelines.

Petitioner previously challenged his sentence on direct appeal. He specifically files this petition under 28 U.S.C. § 2241, claiming that the remedy provided by § 2255 is inadequate and ineffective to challenge his detention.

## **LAW AND ANALYSIS**

Generally when a federal prisoner seeks to collaterally attack the legality of his conviction or sentence, he must do so by filing a petition under 28 U.S.C. § 2255. *See Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111 (5th Cir. 1990). In order to utilize 28 U.S.C. § 2241 to challenge his conviction or sentence, the petitioner must satisfy the "savings clause" of 28 U.S.C. § 2255 by demonstrating that the remedy afforded by § 2255 is inadequate or ineffective to test the legality of his detention. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); P*ack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000)*; Cox v. Warden, Fed. Detention Center*, 911 F.2d 1111 (5th Cir. 1990). A prior unsuccessful §2255 motion or the inability to meet the filing requirements of § 2255 does not make §2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

The petitioner bears the burden of demonstrating that a §2255 remedy is ineffective or inadequate. *Reyes-Requena,* 243 F.3d at 902; *Pack,* 218 F.3d at 452; *Jeffers,* 253 F.3d at 830. In order to file a 28 U.S.C. § 2241 petition for writ of *habeas corpus* pursuant to the savings clause of 28 U.S.C. § 2255, the petitioner must show:

1. His claims are based upon a retroactively applicable Supreme Court decision which establishes that petitioner may have been convicted of an non-existent offense; and

2. His claims were foreclosed by circuit law at the time when the claims should have

2

been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. *Padilla v. Dobre*, 101 Fed. Appx. 469 (5th Cir. 2004); *Reyes-Requena*, 243 F.3d at 904; *Jeffers*, 253 F.3d at 830; *Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir. 2003).

In order to satisfy the first prong of this test, the petitioner relies on the recent Supreme Court cases of *Blakely* and *Booker.* In *Booker,* the Supreme Court extended to the Federal Sentencing Guidelines the rule announced in *Apprendi v. New Jersey*, 120 S.Ct. 2348, 2362-63 (2000) and reaffirmed in *Blakely* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756; *see also In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). The *Booker* Court also excised certain statutory provisions that made the Guidelines mandatory, thereby rendering them advisory only. *Booker*, 125 S.Ct. at 756-57. Petitioner argues that pursuant to these decisions, the sentencing court's application of the Guidelines to support the enhancement of his sentence was unconstitutional.

However, despite petitioner's arguments to the contrary, he is not able to satisfy the first prong of the savings clause test. His claim does not implicate his conviction for a substantive criminal offense and the Supreme Court has not expressly declared *Blakely* or *Booker* retroactively applicable to cases on collateral review. In fact, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *In re Elwood*, 408 F.3d at 213, citing *Schriro v. Summerlin*, 124 S.Ct. 2519, 2526 (2004)(holding that *Ring v. Arizona*, 124 S.Ct. 2519 (2004), which extended *Apprendi* to facts increasing a defendant's sentence from life imprisonment to death, established a new procedural rule that does not apply retroactively to cases already final on direct review.). Further, the Fifth Circuit

3

and all other circuit courts to consider this issue have concluded that *Booker* does not apply retroactively on collateral review. See *In re Elwood*, 408 F.3d 211 (5th Cir. 2005); *Guzman v. United States*, 404 F.3d 139 (2nd Cir. 2005); *In re Olopade*, 403 F.3d 159 (3rd Cir. 2005); *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005), *petition for cert. filed; United States v. Price*, 400 F.3d 844 (10th Cir. 2005); *In re Anderson*, 396 F.3d 1336 (11th Cir. 2005); *In re Hinton*, 2005 WL 566608 (D.C. Cir. 2005) (not designated for publication); *see also Wesson v. U.S. Penitentiary, Beaumont, TX*, 305 F.3d 343 (5th Cir. 2000)(holding *Apprendi* does not apply retroactively to cases on collateral review and an *Apprendi* claim does not satisfy the requirements for filing a habeas petition under the savings clause of § 2255). The holdings in *Blakely* and *Booker* are essentially an extension of the procedural rule expressed in *Apprendi,* and as such do not apply retroactively on collateral review. *See Schriro,* 124 S.Ct. at 2523; *Varela v. United States,* 400 F.3d 864, 868 (11th Cir. 2005)("*Booker's* constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

Because petitioner has failed to satisfy the savings clause of § 2255, he cannot utilize 28 U.S.C. § 2241 to challenge his sentence, and this court is without jurisdiction to consider the petition. *See Christopher,* 342 F.3d at 385.

Accordingly,

IT IS RECOMMENDED that this petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be DISMISSED for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

4

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 20th day of July, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE